ORIGINAL FILED
FEB 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KEVIN JEFFERY (SBN 212353)
THOMAS H. SQUERI (SBN 121081)
350 Technology Drive
P. O. Box 50001
Watsonville, CA 95077-5001
Telephone: (831) 768-2103
Facsimile: (831) 768-2201
kjeffery@graniterock.com

Attorney for Plaintiff
GRANITE ROCK COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MEJ

Plaintiff,
UNITED STATES, For the
Use of GRANITE ROCK COMPANY,

vs.

Defendants,
CAL INC. a California corporation;
TRAVELERS CASUALTY and SURETY
COMPANY OF AMERICA,

Civil Action File No. CV 08 1208

**COMPLAINT ON BOND
AND DEMAND FOR JURY TRIAL**

Use Plaintiff complains and alleges:

I

Use Plaintiff, Granite Rock Company ("Graniterock"), is now and was at all times mentioned in this complaint a corporation duly organized and existing under the laws of the State of California.

II

Graniterock is informed and believes, and on that basis alleges, that defendant Cal Inc. is now and was at all times mentioned in the complaint a California corporation.

III

Graniterock is informed and believes, and on that basis alleges, that defendant Travelers Casualty and Surety Company of America ("Travelers") is now and was at all times mentioned in

1  the complaint authorized to transact business as a surety upon bond or undertakings in the State of
2  California.

### IV

Jurisdiction.  This action arises under 40 U.S.C. §§ 3131-3133 (the "Miller Act"), as hereinafter more fully appears.  As described further below, Graniterock is entitled to bring a civil action under 40 U.S.C. § 3133(b), as it had a direct contractual relationship with a subcontractor to a contractor that furnished a payment bond pursuant to 40 U.S.C. § 3131(b)(2), and Graniterock gave written notice to such contractor within 90 days from the date on which Graniterock last furnished material on the project for which such bond was furnished.

### V

On or about September 30, 2005, Cal Inc., as a joint venturer with AFA Construction Group, was awarded a contract by the United States of America, through the Department of Veterans Affairs, National Cemeteries Administration, more particularly identified and known as Contract No. VA-786A-C-002 for that certain work of improvement involving the placement of concrete at the Golden Gate National Cemetery, also referred to as the GGNC San Bruno-HSR Job #0543-01.  The contract for this project was to be performed and executed in San Mateo County, California.

### VI

On or about October 10, 2005, Cal Inc., as a principal joint venturer, and Travelers, as surety, executed a certain payment bond in the penal sum of $3,350,000.00 guaranteeing the payment to all persons supplying labor and materials in the prosecution of the work provided for in Contract No. VA-786A-C-002, and any and all duly authorized modifications thereof, which such bond was executed and delivered in accordance with the Miller Act (specifically, 40 U.S.C. § 3131(b)(2)), and a true copy of said bond is attached hereto as Exhibit "A" and made a part of this complaint.

### VII

Graniterock is informed and believes, and on that basis alleges, that thereafter, during the performance and prosecution of the work provided for in Contract No. VA-786A-C-002, M&M

1  Engineering & Concrete ("M&M Engineering") entered into a subcontract with Cal Inc. for the
2  performance and prosecution of a part of the work provided for in Contract No. VA-786A-C-002.

### VIII

4  During the performance and prosecution of the public work under and by virtue of Contract
5  No. VA-786A-C-002 and the subcontract between Cal Inc. and M&M Engineering, Graniterock
6  sold and furnished ready-mix concrete and building materials of like character to M&M
7  Engineering at the special instance and request of M&M Engineering, which materials were
8  furnished to be used in and for the prosecution of the work provided for in Contract No. VA-786A-
9  C-002.

### IX

11  Graniterock furnished materials to be used in and for the prosecution of the work provided
12  for in Contract No. VA-786A-C-002 for which it has not been paid in the principal amount
13  $38,283.09. Graniterock's contract with M&M Engineering entitles Graniterock to interest on the
14  unpaid account balance at the rate of 1.5% per month.

### X

16  Graniterock last furnished materials to be used in and for the prosecution of the work
17  provided for in Contract No. VA-786A-C-002 on a date not earlier than March 1, 2007.

### XI

19  On May 23, 2007, Graniterock gave written notice to Cal Inc., stating with substantial
20  accuracy the amount claimed and the name of the party to whom the materials were furnished,
21  which such notice was served on Cal Inc. by registered mail.

### XII

23  Graniterock has not been paid in full for materials furnished to be used in and for the
24  prosecution of the work provided for in Contract No. VA-786A-C-002. More than 90 days have
25  elapsed after the date on which the last of such materials were furnished. The unpaid principal
26  balance for such materials at the time of the commencement of this action is $38,283.09.
27  ///
28  ///

WHEREFORE, Graniterock prays judgment against defendants Cal Inc. and Travelers, jointly and severally, in the sum of $38,238.09, together with interest thereon according to Graniterock's contract with M&M Engineering, together with reasonable attorneys' fees as called for in Graniterock's contract with M&M Engineering, together with Graniterock's costs of suit, and for such other and further relief as to the Court may seem just and equitable

DATED: February 27, 2008

_____
KEVIN JEFFERY
Attorney for Use Plaintiff

## DEMAND FOR JURY TRIAL

Graniterock hereby demands trial by jury.

DATED: February 27, 2008

_____
KEVIN JEFFERY
Attorney for Use Plaintiff

| PAYMENT BOND (See instructions on reverse) 104622291 | DATE BOND EXECUTED (Must be same or later than date of contract) 10/10/2005 | OMB NO.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)

AFA CONSTRUCTION GROUP/CAL, INC, A JOINT VENTURE
384 BEL MARIN KEYS BLVD.
SUITE 101
NOVATO, CA 94949

**TYPE OF ORGANIZATION** ("X" one)

[ ] INDIVIDUAL     [ ] PARTNERSHIP
[X] JOINT VENTURE  [ ] CORPORATION

STATE OF INCORPORATION
California

**SURETY(IES)** (Name(s) and business address(es))

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
ONE TOWER SQUARE
HARTFORD, CT 06183-9079

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 003 | 350 | 000 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 9/30/2005 | VA786A-C-0002 |

Obligation No. 895Z50105 for Bid Item No. 1

**OBLIGATION:**

We, the Principal and Surety(ies) are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the principal or a subcontractor of the principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

AFA CONSTRUCTION GROUP/CAL, INC, A JOINT VENTURE — PRINCIPAL

| SIGNATURE(S) | 1. Ralph L. Hodge (Seal) | 2. David Esparza (Seal) | 3. (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. Ralph L. Hodge, JV Partner | 2. David Esparza, JV Partner | 3. | |

**INDIVIDUAL SURETY(IES)**

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

| SURETY A | NAME & ADDRESS | ONE TOWER SQUARE HARTFORD, CT 06183-9079 | STATE OF INC. CT | LIABILITY LIMIT $ 100% | |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. [signature] | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. DEBRA WOODARD, ATTORNEY-IN-FACT | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

EXHIBIT "A" 1 of 6

10/10/2007 10:34AM

| | | CORPORATE SURETY(IES) (Continued) | STATE OF INC. | LIABILITY LIMIT $ | | |
|---|---|---|---|---|---|---|
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25A (REV. 10-98) BACK

EXHIBIT A 2 of 6

10/10/2007 10:34AM

State of Missouri
County of St. Louis      ss:

On October 10, 2005 before me, a Notary Public in and for said County and State, residing therein, duly commissioned and sworn, personally appeared Debra Woodard known to me to be Attorney-in-Fact of

   Travelers Casualty and Surety Company of America

the corporation described in and that executed the within and foregoing instrument, and known to me to be the person who executed the said instrument in behalf of said corporation, and he duly acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year stated in this certificate above.

My Commission Expires _____

DANA A. DRAGOY
Notary Public - Notary Seal
State of Missouri
St. Louis County
My Commission Expires Sept. 20, 2009
Commission # 05516489

Dana A. Dragoy, Notary Public

360212-6-66

EXHIBIT
"A"
3 of 6

10/10/2007 10:34AM

**ST PAUL TRAVELERS**

## IMPORTANT DISCLOSURE NOTICE OF TERRORISM INSURANCE COVERAGE

On November 26, 2002, President Bush signed into law the Terrorism Risk Insurance Act of 2002 (the "Act"). The Act establishes a short-term program under which the Federal Government will share in the payment of covered losses caused by certain acts of international terrorism. We are providing you with this notice to inform you of the key features of the Act, and to let you know what effect, if any, the Act will have on your premium.

Under the Act, insurers are required to provide coverage for certain losses caused by international acts of terrorism as defined in the Act. The Act further provides that the Federal Government will pay a share of such losses. Specifically, the Federal Government will pay 90% of the amount of covered losses caused by certain acts of terrorism which is in excess of an insurer's statutorily established deductible for that year. The Act also caps the amount of terrorism-related losses for which the Federal Government or an insurer can be responsible at $100,000,000,000.00, provided that the insurer has met its deductible.

Please note that passage of the Act does not result in any change in coverage under the attached policy or bond (or the policy or bond being quoted). Please also note that no separate additional premium charge has been made for the terrorism coverage required by the Act. The premium charge that is allocable to such coverage is inseparable from and imbedded in your overall premium, and is no more than one percent of your premium.

ILT-1018 (9/04)



EXHIBIT "A"
4 of 6

10/10/2007 10:34AM

**TRAVELERS CASUALTY AND SURETY COMPANY**
**FARMINGTON CASUALTY COMPANY**
Hartford, Connecticut 06183-9062

## POWER OF ATTORNEY AND CERTIFICATE OF AUTHORITY OF ATTORNEY(S)-IN-FACT

KNOW ALL PERSONS BY THESE PRESENTS, THAT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, corporations duly organized under the laws of the State of Connecticut, and having their principal offices in the City of Hartford, County of Hartford, State of Connecticut, (hereinafter the "Companies") hath made, constituted and appointed, and do by these presents make, constitute and appoint: Andrew P. Thome, Dana A. Dragoy, Justine P. Weber, Debra Woodard, Marian J. Draugelis, of Chesterfield, Missouri, their true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute and acknowledge, at any place within the United States, the following instrument(s): by his/her sole signature and act, any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto and to bind the Companies, thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Companies, and all the acts of said Attorney(s)-in-Fact, pursuant to the authority herein given, are hereby ratified and confirmed.

This appointment is made under and by authority of the following Standing Resolutions of said Companies, which Resolutions are now in full force and effect:

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her.

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary.

VOTED: That any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary, or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority.

This Power of Attorney and Certificate of Authority is signed and sealed by facsimile (mechanical or printed) under and by authority of the following Standing Resolution voted by the Boards of Directors of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, which Resolution is now in full force and effect:

VOTED: That the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

Revised (01-03) Standard



EXHIBIT
"A"
5 of 6

10/10/2007   10:34AM

STATE OF CONNECTICUT } SS. Hartford
COUNTY OF HARTFORD

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY

  

By _____
George W. Thompson
Senior Vice President

On this 14th day of April, 2005 before me personally came GEORGE W. THOMPSON to me known, who, being by me duly sworn, did depose and say: that he/she is Senior Vice President of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, the corporations described in and which executed the above instrument; that he/she knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; and that he/she executed the said instrument on behalf of the corporations by authority of his/her office under the Standing Resolutions thereof.



Marie C Tetreault

My commission expires June 30, 2006   Notary Public
Marie C. Tetreault

CERTIFICATE

I, the undersigned, Vice President, Bond of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, stock corporations of the State of Connecticut, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney and Certificate of Authority remains in full force and has not been revoked; and furthermore, that the Standing Resolutions of the Boards of Directors, as set forth in the Certificate of Authority, are now in force.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this  10  day of October , 20 05 .

  

By _____
Michael C. Menendez
Vice President, Bond




EXHIBIT
"A"
6 of 6


10/10/2007   10:34AM